IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TROY ADAM SHERMAN,

    **Plaintiff,**

    v.                                                                       CASE NO. 26-3003-JWL

SHANNON VEIL,

    **Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

    Plaintiff Troy Adam Sherman is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1. Nature of the Matter before the Court**

    Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is housed at the Center for Behavioral Medicine in Kansas City, Missouri. Plaintiff has failed to either pay the filing fee or to file a motion for leave to proceed in forma pauperis. Therefore, the Court issued a Notice of Deficiency (Doc. 2) ("NOD") granting Plaintiff until February 5, 2026, to either pay the filing fee or file a motion for leave to proceed in forma pauperis. The Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff must still pay the fee or file an ifp motion by the deadline in the NOD.

    Plaintiff names Shannon Veil, a law enforcement officer from the Labette County Sheriff's Office, as the sole defendant. Plaintiff claims that he filed charges against his sister through Detective Shannon Veil for robbing Plaintiff over seven years ago. (Doc. 1, at 2.) Plaintiff claims that Defendant Veil "let her and some 30 people get away with $950,000 dollars" that Plaintiff won from PayPerks.com. *Id.*

1

As Count I, Plaintiff alleges "grand larceny" and states that after reporting the crime he was beaten and shot twice. *Id*. at 3. As Count II, Plaintiff alleges "aggravated assault with a firearm," and states that after reporting the crime he was "attacked by people, and a female was killed by people that attacked [plaintiff]." *Id*.

Although Plaintiff does not include a request for relief in his Complaint, in an attachment to the Complaint he states that he is hoping to speed up his release. (Doc. 1–2, at 1.) He also suggests that he is requesting military guns, ammunition, and an I.D. so that he can protect the two towns that he allegedly owns in Kansas. *Id*. He claims he does not have a police department or police officers in his towns yet, but he will get around to hiring them soon. *Id*. Plaintiff then lists his family members, including Adolf Hitler and Helen Keller. *Id*. at 2.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).[1] The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

---

[1] Plaintiff previously filed an action in this Court on December 17, 2025. *See Sherman v. State of Missouri*, Case No. 25-3273-JWL (D. Kan.). In dismissing that case, the Court noted that Plaintiff "currently resides in Kansas City, Missouri and it appears from his pro se complaint that he has been involuntarily civilly committed to the custody of the Missouri Department of Mental Health after being adjudicated incompetent to participate in pending Missouri state criminal charges." *Id*. at Doc. 3, at 1. A plaintiff detained for purposes of undergoing a competency evaluation in connection with criminal charges is a "prisoner" for purposes of the PLRA. *See Gilmore v. Easter*, 2022 WL 3880714, at *7 (D. Kan. 2022) (finding plaintiff subject to competency proceedings under K.S.A. § 22-2302 remains subject to §§ 1915 and 1915A) (citing *Wolfson v. United States*, 336 F. App'x 792, 794 (10th Cir. 2009) (unpublished) (where plaintiff argued he was not subject to the PLRA because he was sentenced to civil commitment until he regains competency, the court rejected the argument finding that the PLRA still applied and that the case was distinguishable from cases where the plaintiff was civilly committed under a state's sexually violent predator act, where the inmate was held at a state hospital after being found not guilty by reason of insanity, and where alien detainees were not facing criminal charges)).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d

1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  DISCUSSION

**1.  Failure to State a Claim and Statute of Limitations**

Plaintiff fails to show how the sole defendant violated his constitutional rights. He claims that he reported a crime to Defendant Veil and Defendant Veil let the people go. Conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. A complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. Plaintiff's Complaint fails to provide this information. Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim.

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff also alleges that this happened seven years ago. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). Plaintiff should show good cause why his claims are not barred by the applicable statute of limitations.

**2. Criminal Charges**

Plaintiff's Complaint consists of two counts: grand larceny and aggravated assault with a firearm. Plaintiff does not have a private right of action to enforce criminal laws. As a general matter, federal criminal statutes that "do not provide for a private right of action" are "not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *see also Campbell v. Hitchcock*, 2021 WL 2550178, at *2 (D. Kan. 2021) (finding that criminal statute prohibiting theft does not confer a private right of action under § 1983) (citing *Ledin v. United States Postal Service*, 2018 WL 11242022 *3 (W.D. Mo. 7/16/2018) (mail theft statute confers no private right of action because it is a criminal statute); *see also, Perry v. Pringle*, 2014 WL 129391 *2 (D. Kan. 1/14/2014) (may not bring a civil cause of action based upon the violation of a criminal statute)).

Likewise, there is no indication that Kansas courts have found that a Kansas criminal statute can be used as the basis for a civil action. *See Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties").

Plaintiff should show good cause why his Complaint should not be dismissed because it is based on crimes for which Plaintiff does not have a private cause of action.

### 3. Relief

Although Plaintiff does not include a request for relief in his Complaint, his attachments suggest that he is seeking a speedier release, and military guns, ammunition, and I.D. In dismissing Plaintiff's prior case, the Court noted that:

> Plaintiff also seeks relief other than monetary damages, but the other relief he seeks is not available in this civil rights action. First, Plaintiff seeks his release from state custody. (Doc. 1, p. 6.) A petition for habeas corpus relief is a state prisoner's sole avenue in federal court for his release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Plaintiff also asks that he be issued a military identification card and that his personal property be delivered to him from various locations in Missouri. (Doc. 1, p. 6.) This Court lacks the authority in this case to grant this type of injunctive relief. See Fed. R. Civ. P. 65(d)(2) (discussing parties bound by injunctions and restraining orders).

*Sherman v. State of Missouri*, Case No. 25-3273-JWL, Doc. 3, at n.1 (D. Kan. Dec. 18, 2025).

Despite the Court's prior order, Plaintiff continues to seek a speedier release and military equipment. Plaintiff's requests are not properly brought in this § 1983 action.

### 4. Frivolous

Plaintiff's claims also appear to be frivolous. "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Tenth Circuit in *Manco* held that:

> The district court also did not abuse its discretion when it held Manco's claims related to the alleged tracking device were frivolous. Manco's theory that numerous state officials monitor his thoughts and send him inaudible, profane messages is not supported by any evidence. Manco provides citations to various patents and secondary literature that describe tracking devices. Even if, for the sake of argument, this court assumes that such devices exist, Manco fails to provide evidence that officials implanted a device in his body, nor does he give a plausible motive for state officials to embark on such an endeavor. We agree with the district court that Manco's tracking device claims are frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

*Id*.

Plaintiff claims that he won $950,000 from PayPerks.com[2] and his sister and others stole this money from Plaintiff. Plaintiff also claims that he owns two towns in Kansas and needs military equipment to personally police his towns. Plaintiff should show good cause why his Complaint should not be dismissed as frivolous and for failure to state a claim.

---

[2] The PayPerks website provides that:
> PayPerks education and rewards drive real-world behavior change through easy-to-digest, interactive education paired with fun gamification and rewards. We help cardholders learn how to use their cards more effectively, while also offering valuable information on safety and security, budgeting and saving, and other relevant financial skills. Cardholders are rewarded through quizzes, usage rewards, and the chance to win ***small*** cash prizes in monthly drawings.

https://www.payperks.com/ (last visited Jan. 6, 2025) (emphasis added).

### IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** the Court **provisionally grants** Plaintiff leave to proceed in forma pauperis.  Plaintiff remains obligated to comply with the Court's NOD at Doc. 2 by **February 5, 2026,** by either paying the filing fee or submitting a motion for leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 5, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated January 6, 2026, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**