FILED
U.S. District Court
District of Kansas
02/09/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TROY ADAM SHERMAN,**

    **Plaintiff,**

    v.                                                                CASE NO. 26-3003-JWL

**SHANNON VEIL,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is housed at the Center for Behavioral Medicine in Kansas City, Missouri. The Court grants Plaintiff's motion for leave to proceed in forma pauperis. On January 6, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until February 5, 2026, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff's only response to the MOSC is a notice (Doc. 5) that he filed with the Court on January 26, 2026. The Court's screening standards are set forth in the MOSC.

Plaintiff names Shannon Veil, a law enforcement officer from the Labette County Sheriff's Office, as the sole defendant. Plaintiff claims that he filed charges against his sister through Detective Shannon Veil for robbing Plaintiff over seven years ago. (Doc. 1, at 2.) Plaintiff claims that Defendant Veil "let her and some 30 people get away with $950,000 dollars" that Plaintiff won from PayPerks.com. *Id*.

As Count I, Plaintiff alleges "grand larceny" and states that after reporting the crime he was beaten and shot twice. *Id*. at 3. As Count II, Plaintiff alleges "aggravated assault with a firearm," and states that after reporting the crime he was "attacked by people, and a female was killed by people that attacked [plaintiff]." *Id*.

1

Although Plaintiff does not include a request for relief in his Complaint, in an attachment to the Complaint he states that he is hoping to speed up his release. (Doc. 1–2, at 1.) He also suggests that he is requesting military guns, ammunition, and an I.D. so that he can protect the two towns that he allegedly owns in Kansas. *Id*. He claims he does not have a police department or police officers in his towns yet, but he will get around to hiring them soon. *Id*. Plaintiff then lists his family members, including Adolf Hitler and Helen Keller. *Id*. at 2.

In the MOSC, the Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A(a).[1] The Court found that Plaintiff failed to show how the sole defendant violated his constitutional rights. He claims that he reported a crime to Defendant Veil and Defendant Veil let the people go. Conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. A complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. Plaintiff's Complaint fails to provide this information. The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim.

Plaintiff also alleges that these events happened seven years ago. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of

---

[1] Plaintiff previously filed an action in this Court on December 17, 2025. *See Sherman v. State of Missouri*, Case No. 25-3273-JWL (D. Kan.). In dismissing that case, the Court noted that Plaintiff "currently resides in Kansas City, Missouri and it appears from his pro se complaint that he has been involuntarily civilly committed to the custody of the Missouri Department of Mental Health after being adjudicated incompetent to participate in pending Missouri state criminal charges." *Id*. at Doc. 3, at 1. A plaintiff detained for purposes of undergoing a competency evaluation in connection with criminal charges is a "prisoner" for purposes of the PLRA. *See Gilmore v. Easter*, 2022 WL 3880714, at *7 (D. Kan. 2022) (finding plaintiff subject to competency proceedings under K.S.A. § 22-2302 remains subject to §§ 1915 and 1915A) (citing *Wolfson v. United States*, 336 F. App'x 792, 794 (10th Cir. 2009) (unpublished) (where plaintiff argued he was not subject to the PLRA because he was sentenced to civil commitment until he regains competency, the court rejected the argument finding that the PLRA still applied and that the case was distinguishable from cases where the plaintiff was civilly committed under a state's sexually violent predator act, where the inmate was held at a state hospital after being found not guilty by reason of insanity, and where alien detainees were not facing criminal charges)).

limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). The Court ordered Plaintiff to show good cause why his claims are not barred by the applicable statute of limitations.

Plaintiff's Complaint consists of two counts: grand larceny and aggravated assault with a firearm. Plaintiff does not have a private right of action to enforce criminal laws. As a general matter, federal criminal statutes that "do not provide for a private right of action" are "not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *see also Campbell v. Hitchcock*, 2021 WL 2550178, at *2 (D. Kan. 2021) (finding that criminal statute prohibiting theft does not confer a private right of action under § 1983) (citing *Ledin v. United States Postal Service*, 2018 WL 11242022 *3 (W.D. Mo. 7/16/2018) (mail theft statute confers no

private right of action because it is a criminal statute); *see also, Perry v. Pringle*, 2014 WL 129391 *2 (D. Kan. 1/14/2014) (may not bring a civil cause of action based upon the violation of a criminal statute)).

Likewise, there is no indication that Kansas courts have found that a Kansas criminal statute can be used as the basis for a civil action. *See Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties").  The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed because it is based on crimes for which Plaintiff does not have a private cause of action.

Although Plaintiff does not include a request for relief in his Complaint, his attachments suggest that he is seeking a speedier release, and military guns, ammunition, and I.D.  In dismissing Plaintiff's prior case, the Court noted that:

> Plaintiff also seeks relief other than monetary damages, but the other relief he seeks is not available in this civil rights action. First, Plaintiff seeks his release from state custody. (Doc. 1, p. 6.) A petition for habeas corpus relief is a state prisoner's sole avenue in federal court for his release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Plaintiff also asks that he be issued a military identification card and that his personal property be delivered to him from various locations in Missouri.  (Doc. 1, p. 6.) This Court lacks the authority in this case to grant this type of injunctive relief. See Fed. R. Civ. P. 65(d)(2) (discussing parties bound by injunctions and restraining orders).

*Sherman v. State of Missouri*, Case No. 25-3273-JWL, Doc. 3, at n.1 (D. Kan. Dec. 18, 2025).

The Court also found in the MOSC that Plaintiff's claims appear to be frivolous. "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Tenth Circuit in *Manco* held that:

> The district court also did not abuse its discretion when it held Manco's claims related to the alleged tracking device were frivolous. Manco's theory that numerous state officials monitor his thoughts and send him inaudible, profane messages is not supported by any evidence. Manco provides citations to various patents and secondary literature that describe tracking devices. Even if, for the sake of argument, this court assumes that such devices exist, Manco fails to provide evidence that officials implanted a device in his body, nor does he give a plausible motive for state officials to embark on such an endeavor. We agree with the district court that Manco's tracking device claims are frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

*Id*.

Plaintiff claims that he won $950,000 from PayPerks.com[2] and his sister and others stole this money from Plaintiff. Plaintiff also claims that he owns two towns in Kansas and needs military equipment to personally police his towns. The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed as frivolous and for failure to state a claim.

---

[2] The PayPerks website provides that:
> PayPerks education and rewards drive real-world behavior change through easy-to-digest, interactive education paired with fun gamification and rewards. We help cardholders learn how to use their cards more effectively, while also offering valuable information on safety and security, budgeting and saving, and other relevant financial skills. Cardholders are rewarded through quizzes, usage rewards, and the chance to win ***small*** cash prizes in monthly drawings.

https://www.payperks.com/ (last visited Jan. 6, 2025) (emphasis added).

The Cour's MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim." (Doc. 3, at 9.) The only response filed by Plaintiff is a one-page notice indicating that he is seeking $950,000 because his mom, "who is really [his] older sister," robbed him of his PayPerks winnings. (Doc. 5.) Plaintiff fails to address the deficiencies noted in the MOSC and fails to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is **granted.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated February 9, 2026, in Kansas City, Kansas.

                                            <u>S/ John W. Lungstrum</u>
                                            **JOHN W. LUNGSTRUM**
                                            **UNITED STATES DISTRICT JUDGE**